FILED
CLERK, U.S. DISTRICT COURT

JAN 14 2019

CENTRAL DISTRICT OF CALIFORNIA
BY: vdr_____ DEPUTY

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TLUS SAM RED HDB OWNER, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JAMES DeLOACH, et al.,<br><br>Defendants. | Case No. CV 19-0124-FMO (RAOx)<br><br>**ORDER REMANDING ACTION AND DENYING REQUEST TO PROCEED *IN FORMA PAUPERIS*** |

## I.
## FACTUAL BACKGROUND

Plaintiff TLUS Sam Red HDB Owner, LLC ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Defendants James DeLoach and Does 1 to 25 ("Defendants"), on or about October 19, 2018. Notice of Removal ("Removal") and Attached Complaint ("Compl."), Dkt. No. 1. Defendants are allegedly occupants of real property owned by Plaintiff and located in Diamond Bar, California ("the property"). Compl. ¶¶ 3, 6.

Defendant James DeLoach filed a Notice of Removal on January 7, 2019, invoking the Court's federal question jurisdiction. Removal at 2-3.

///

Defendant DeLoach also filed a request to proceed *in forma pauperis*. Dkt. No. 2.

## II.

## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). It is this Court's duty always to examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Defendant DeLoach asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. Removal at 1-2. Section 1441 provides, in relevant part, that a defendant may remove to federal court a civil action in state court of which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See id.* § 1331.

Here, the Court's review of the Notice of Removal and attached Complaint makes clear that this Court does not have federal question jurisdiction over the instant

matter under 28 U.S.C. § 1331.  First, there is no federal question apparent from the face of the Complaint, which appears to allege only a simple unlawful detainer cause of action.  *See Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C. D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337-PA (DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).

Second, there is no merit to Defendant DeLoach's contention that federal question jurisdiction exists based on alleged violations of federal law by Plaintiff.  Removal at 2.  It is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 2430, 96 L. Ed. 318 (1987).  Thus, to the extent Defendant DeLoach's defenses to the unlawful detainer action are based on alleged violations of federal law, those defenses do not provide a basis for federal question jurisdiction.  *See id.*  Because Plaintiff's complaint does not present a federal question, either on its face or as artfully pled, the Court lacks jurisdiction under 28 U.S.C. § 1331.

///

///

///

## III.
## CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles, forthwith.

IT IS FURTHER ORDERED that Defendant's request to proceed *in forma pauperis* is DENIED as moot.

IT IS SO ORDERED.


DATED: January 14, 2019

          /s/
_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE

Presented by:

*[signature: Rozella A. Oliver]*
_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE